BAILES, Judge.
This matter is before us as an appeal by the plaintiff from the judgment of the trial court denying his claim for damages allegedly arising ex delicto. Plaintiff contends that he was struck in the eye by a hub cap retaining clip while replacing the hub cap on an Oldsmobile automobile.
At the conclusion of the introduction of evidence the case was assigned for argument in the trial court on May 1, 1967. After argument, the court a quo> rendered judgment rejecting the demands of the plaintiff. On May 3, 1967, this judgment was signed. Plaintiff moved for and was granted an appeal on August 4, 1967, and the required appeal bond was filed on August 10, 1967.
*95 The question herein for our resolution is whether the appeal was timely perfected, in the absence of which this court has no jurisdiction.
Under the terms of LSA-C.C.P. Article 1913, as amended, no notice of judgment to the plaintiff was required for the reason the case was not taken under advisement by the trial court. Judgment was rendered at the conclusion of the trial. Consequentially, the delay for applying for a new trial began on Thursday, May 4, 1967, the day following the signing of the judgment, and was completed on May 8, 1967, the following Monday. The intervening Saturday and Sunday, as holidays, are excluded in computing the delay. As no application for a new trial was made, the ninety-day delay or period for the moving for the appeal and the furnishing of bond began tolling on May 9, 1967, and was completed on August 6, 1967. While the plaintiff’s motion for the appeal was timely made on August 4, 1967, the appeal bond was not timely filed as it was not filed until August 10, 1967.
In passing we might mention that on June 2, 1967, the Clerk of Court sent the plaintiff a transcript of the oral reasons for judgment dictated on May 4, 1967. The covering instrument or letter for the transmittal of the oral reasons for judgment was what might be considered an altered form of a notice of judgment which merely stated that enclosed therewith were the reasons for judgment. The sending of this notice on June 2, 1967, even if it could be construed a notice of judgment, does not alter the law that no notice of judgment was required and does not postpone the tolling of the delays as above set forth.
For the foregoing reasons, we must, ex proprio motu, dismiss this appeal for lack of jurisdiction. All costs of court to be paid by plaintiff.
Appeal dismissed.